# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KELLY JOYNER, | \* | No. 23-1020V |
| | \* | |
| Petitioner, | \* | |
| | \* | Special Master Christian J. Moran |
| v. | \* | |
| | \* | Filed: July 30, 2024 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner;
James Vincent Lopez, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Kelly Joyner alleged that the flu vaccine she received on October 18, 2022 caused her to suffer a hemorrhagic stroke. On July 27, 2024, Ms. Joyner moved for a decision dismissing her petition.

## I.    Procedural History

Mr. Joyner filed a petition for compensation on June 30, 2023, alleging that the flu vaccine she received on October 18, 2022 caused her to suffer from a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

hemorrhagic stroke requiring extensive hospitalization and rehabilitation.[2]  Ms. Joyner filed medical records over the next few months.

The Secretary filed his Rule 4(c) report on April 12, 2024, contesting entitlement.  The Secretary argued that Ms. Joyner had not set forth a persuasive medical theory causally connecting the vaccine and her alleged injury, nor had she provided evidence of a logical sequence of cause and effect supporting her contention that the flu vaccine caused her to suffer any injury.  Resp't's Rep. at 8.  The Secretary noted that Ms. Joyner's treating doctors suggested that other factors could have contributed to her stroke, such as her history of hypertension, use of Goody powder, and COVID-19 infection.  Id.   Further, the Secretary argued that Ms. Joyner had not established that the onset of her injury occurred within a medically acceptable timeframe to infer causation-in-fact.  Id.

Following a status conference on April 24, 2024, Ms. Joyner addressed the issue of her hypertension.  Ms. Joyner explained that she does not have hypertension and was never diagnosed with such prior to her stroke.  Pet'r's Status Rep., filed June 4, 2024.  Rather, she has White Coat Syndrome, which is an informal term for people who have high blood pressure only in a medical setting due to an increase in blood pressure upon seeing the white coat/doctor.  Ms. Joyner included a letter from her primary care physician stating that Ms. Joyner has a diagnosis of "whitecoat syndrome", that her blood pressure outside the office is normal, and that she does not have essential hypertension.  Finally, Ms. Joyner noted that her diagnosis of hypertension did not appear in her records until after her stroke, and that this may have been entered because of her prescription for Propranolol.  However, Ms. Joyner was prescribed this medication for anxiety, not hypertension.

The parties held a status conference on July 24, 2024.  Ms. Joyner stated that, due to personal reasons, she would move to dismiss her case.  Ms. Joyner filed a formal motion to dismiss on July 27, 2024.

## II.   **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a

---

[2] Ms. Joyner filed an amended petition on July 7, 2023 asserting the same claims but removing an incorrect date invertedly added to the preamble of her original petition.

"Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, Ms. Joyner filed medical records to support her claim.  Nonetheless, Ms. Joyner wishes to have her claim dismissed and judgment entered against her.  Given Ms. Joyner's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, Ms. Joyner did not provide an expert report to support her claim that the flu vaccine caused her hemorrhagic stroke.  Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master